**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ELLEN VERVILLE, ) | |
| ) | |
| Plaintiff ) | **Case No.:** |
| ) | |
| v. ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| ONLINE INFORMATION SERVICES, ) | |
| INC., ) | |
| ) | |
| Defendant ) | |

**COMPLAINT**

ELLEN VERVILLE ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against ONLINE INFORTMATION SERVICES, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Telephone Consumer Protection Act 47 U.S.C . § 227, *et. seq.* ("TCPA).

**JURISDICTION AND VENUE**

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Massachusetts, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Ware, Massachusetts.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 202 West Firetower Road, Winterville, NC 28590.

9. Upon information and belief, Defendant is a corporation that provides call center, collections and debt purchase services to companies in the United States.

10. At all times material hereto, Defendant acted as a "debt collector[s]" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

11. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Upon information and belief, at all times material hereto, Defendant contacted Plaintiff in an attempt to collect a consumer debt.

14. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly his could only have arisen from financial obligation for primarily personal, family or household purposes.

15. Beginning in or around July 2015 and continuing through December 2015 Defendant placed repeated telephone calls to Plaintiff's cellular telephone in its attempts to collect an alleged debt belonging to a third party.

16. Defendant's collectors called Plaintiff from the telephone number (252) 754-1633. The undersigned has confirmed that this number belongs to Defendant.

17. Plaintiff has received calls from an automated dialing system with a prerecorded messages requesting that a third party call back.

18. Upon initial contact, Plaintiff requested Defendant to cease all telephone related communications.

19. Plaintiff repeatedly informed Defendant's representatives that she was not the person they were trying to reach, the third party could not be reached at Plaintiff's number, and that Plaintiff was not familiar with any individual by this name.

20. Defendant responded indicating it would remove Plaintiff's telephone number.

21. However, despite this indication, Defendant ignored Plaintiff's request and continued to call Plaintiff seeking to collect this alleged debt.

22. Once Defendant was aware that Plaintiff did not want calls placed to her cellular telephone, Defendant's calls could only have been for the purpose of harassment.

23. Defendant's calls were not for emergency purposes, but rather to reach an unknown third party.

24. Defendant's actions as described herein were taken with the intent to harass, abuse, and coerce payment from Plaintiff for a debt she did not owe.

## COUNT I
## **DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA**

25. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

26. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

27. Defendant violated §§ 1692d and 1692d(5) when it caused Plaintiff's cellular telephone to ring repeatedly, placed repeated harassing telephone calls to Plaintiff for a third party's debt, and continued to call after it had knowledge it was calling the wrong party.

## COUNT II
## **DEFENDANT VIOLATED § 1692f OF THE FDCPA**

28. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

29. Defendant violated § 1692f when it placed repeated harassing telephone calls to Plaintiff for a third party's debt, and continued to call after it had knowledge it was calling the wrong party.

## COUNT III
## **DEFENDANT VIOLATED THE TCPA**

30. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

31. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

32. Despite the fact that Plaintiff revoked consent to Defendant placing calls to her, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

33. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

34. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, ELLEN VERVILLE respectfully prays for judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
   b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);
   d. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
   e. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the

Court in its discretion to award such damages if it finds that Defendants willfully or knowingly violated the TCPA; and

    f. Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ELLEN VERVILLE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 7-8-16                      By: */s/ Craig Thor Kimmel*_____
                                          CRAIG THOR KIMMEL
                                          BBO#662924
                                          Kimmel & Silverman, P.C.
                                          30 E. Butler Pike
                                          Ambler, PA 19002
                                          Phone: (215) 540-8888
                                          Fax: (877) 788-2864
                                          Email: kimmel@creditlaw.com